UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-1328 JGB (ACCVx)** | Date | July 20, 2026 |
| Title | ***Jose Federico Villarreal Arballo v. Kristi Noem, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **Order to Show Cause re Dismissal for Lack of Prosecution (IN CHAMBERS)**

On March 20, 2026, plaintiff Jose Federico Villarreal Arballo ("Plaintiff") filed a complaint against defendants Kristi Noem, Todd Lyons, Thomas Giles, Stephen Hottya, Rodney Scott, Ruben Anguiano, Joseph Edlow, and Carrie M. Selby (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) On July 9, 2026, the Court issued an order to show cause for lack of prosecution as Plaintiff failed to file a proof of service as to Defendants. (Dkt. No. 11.) On July 14, 2026, Plaintiff filed a proof of service. (Dkt. No. 12.) On July 15, 2026, Plaintiff filed a reply explaining the delay in serving Defendants. (Dkt. No. 13.) However, Plaintiff does not appear to have properly served Defendants.

In order to serve the United States, a party must (1) deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought, or send such copies by registered or certified mail to the civil-process clerk at the United States Attorney's office, and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. See Fed. R. Civ. P. 4(i)(1)(A)-(B). Plaintiff filed a proof of service only as to the United States Attorney for the Central District of California. (Dkt. No. 12)

Because Plaintiff has failed to properly serve Defendants, the time for Defendants to answer has not commenced. Plaintiff is outside the 90 days the Federal Rules of Civil Procedure provide for service of the summons and Complaint.

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute their case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).

As such, the Court **ORDERS** to provide proof of proper service by **July 24, 2026**, or to **SHOW CAUSE** why he has not provided proof of proper service. Failure to comply with this order will result in dismissal of the case.

**IT IS SO ORDERED.**